LOUISE DIECKMANN, Appellant, *v.* HERMAN RIMBERG et al., Respondents.

First Department, April 13, 1954.

*Adolph Koeppel* for appellant.

*Wilfred S. Stachenfeld* for respondents.

*Emory Gardiner* of counsel (*Robert H. Schaffer,* attorney), for State Rent Administrator, *amicus curiæ.*

*Per Curiam.* Tenant, a five-year lessee of an entire rooming house, concededly is merely an entrepreneur engaged for her own profit at all relevant times in conducting a general rooming house business in the premises in question owned by defendants landlords, and since the commencement of the term of the said lease neither she nor her family have ever actually resided in the premises, but resided in dwelling quarters located in premises other than the demised premises. After commencement of the term of the lease, plaintiff, as such tenant, sued the landlords in a first cause of action for treble damages, attorney's fees and other sums claimed as overcharges totaling $11,590. Special Term granted defendants' motion for summary judgment

dismissing the first cause of action, and allowed plaintiff to replead in a complaint completely deleting the first cause of action. Plaintiff appeals.

The sole issue presented is the propriety under all the facts and circumstances disclosed of summary judgment dismissing the first cause of action. We think the statute (State Residential Rent Law, § 10, subd. 5; L. 1946, ch. 274, as amd.) permitting suits for treble damages by tenants for violation of regulations prescribing maximum rents " with respect to   *   *   * housing accommodations " was not intended to give this plaintiff the cause of action attempted to be pleaded as a first cause of action in the complaint. Statutes, regulations and cases relating to eviction and other aspects of housing control are not relevant or controlling in this action for treble damages by a tenant solely in constructive possession of premises used by her for her own commercial purposes. We restrict our holding to the issues presented on the facts disclosed in relation to the first cause of action by the tenant for treble damages.

The order appealed from should be affirmed, with costs and disbursements to defendants-respondents.

DORE, J. P., COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents. [See *post,* p. 943.]